**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

EDWIN J. HARRIS,
                    Appellant,

                    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
DE-0843-15-0066-I-1

DATE: February 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edwin J. Harris, Kila, Montana, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his application for a survivor annuity.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant is the surviving spouse of Crystal Harris, a Federal Employees' Retirement System retiree. Initial Appeal File (IAF), Tab 8 at 33, 35. On January 25, 2012, Mrs. Harris submitted an Application for Immediate Retirement, Standard Form 3107, electing an annuity payable only during her lifetime. *Id*. at 29-31. With her application, Mrs. Harris included a notarized consent form signed by the appellant, indicating that he consented to Mrs. Harris's annuity election. *Id*. at 32.

¶3    Mrs. Harris retired from Federal service on a disability retirement, effective April 12, 2012. *Id*. at 35. Approximately 10 months later, she was hospitalized. IAF, Tab 13, Hearing Compact Disc (HCD) at 3:30-4:05 (testimony of the appellant). According to the appellant, at that juncture, Mrs. Harris decided that she had erred in not electing a survivor annuity, and she intended to change her annuity election as soon as she left the hospital. *Id.* at 4:08-4:27.

¶4     Unfortunately, Mrs. Harris never left the hospital. *Id.* at 4:29-4:35. On or about March 29, 2013, she became incapacitated to handle her personal affairs. IAF, Tab 1 at 10; HCD at 4:36-4:51. Thereafter, the appellant telephoned OPM to inquire about changing Mrs. Harris's survivor annuity election pursuant to a power of attorney. HCD at 5:12-5:51; *see* IAF, Tab 1 at 7-9. The appellant contends, and OPM does not dispute, that an OPM representative told him that only Mrs. Harris could change the election and that OPM would not accept the power of attorney.[2] HCD at 6:34-6:49; *see* IAF, Tab 8; Petition for Review (PFR) File, Tab 4. The appellant did not pursue the matter further at that time. IAF, Tab 1 at 5; HCD at 6:50-7:16 (testimony of the appellant).

¶5     Mrs. Harris died on May 6, 2013, approximately 13 months after her retirement. IAF, Tab 8 at 33. On May 28, 2013, the appellant wrote to OPM, stating that OPM had provided him with misinformation regarding the ability to change Mrs. Harris's annuity election pursuant to the power of attorney, and requesting that "Survivor Benefits for [Mrs. Harris] [be] allowed as she wished on her death bed." IAF, Tab 1 at 12. The appellant subsequently filed an application for survivor annuity benefits, which OPM denied on the ground that its records reflected that Mrs. Harris did not elect to provide a survivor annuity for the appellant. IAF Tab 8 at 8, 17-20. The appellant requested reconsideration, and OPM issued a reconsideration decision affirming its initial decision. *Id.* at 6-7, 15.

¶6     The appellant filed a timely Board appeal challenging OPM's reconsideration decision, arguing that OPM should have allowed him to change Mrs. Harris's survivor annuity election pursuant to the power of attorney. IAF, Tab 1 at 1, 5. Following a telephonic hearing, the administrative judge affirmed OPM's reconsideration decision. IAF, Tab 14, Initial Decision (ID). He found

---

[2] The appellant asserted that both the Federal Long Term Care Insurance Program and the Thrift Savings Plan allowed him to make changes pursuant to the power of attorney. HCD at 5:53-6:33 (testimony of the appellant).

that OPM did not provide sufficient information to afford deference to its policy regarding powers of attorney. ID at 4 n.1; *see* IAF, Tab 8 at 4-5. Therefore, he assumed without finding that the appellant could have changed Mrs. Harris's survivor annuity election pursuant to that instrument and that the OPM representative provided the appellant with misinformation. ID at 4, 6. However, the administrative judge found that a valid election to provide the appellant with a survivor annuity was not filed with OPM prior to Mrs. Harris's death, as required by 5 C.F.R. § 842.610(b)(6), and that the appellant failed to establish any grounds for waiver of this deadline. ID at 5-7.

¶7 The appellant has filed a petition for review, and the agency has responded to the petition for review. PFR File, Tabs 1, 4. On September 11, 2015, the Board issued a show cause order directing OPM to submit evidence and argument regarding whether OPM has a policy prohibiting power of attorney filings, and affording the appellant the opportunity to respond to OPM's submission. PFR File, Tab 5 at 2. Both parties timely responded to the show cause order. PFR File, Tabs 8, 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 An individual seeking retirement benefits bears the burden of proving entitlement to those benefits by preponderant evidence. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(a)(2). Under 5 U.S.C. § 8416(d)(1), an annuitant, such as Mrs. Harris, who was married at the time of retirement and jointly waived any right that her spouse had to a survivor annuity, has an 18-month window after her retirement to elect to reduce her monthly annuity payment to provide a survivor annuity for her spouse. However, pursuant to an OPM regulation, such an election must be made before the retiree dies. 5 C.F.R. § 842.610(b)(1), (6).

¶9 Thus, although Mrs. Harris could have elected to provide the appellant with a survivor annuity within an 18-month window after her retirement, she had to

file such an election with OPM prior to her death, which occurred approximately 13 months after her retirement. *See* 5 U.S.C. § 8416(d)(1); 5 C.F.R. § 842.610(b)(1), (6); IAF, Tab 8 at 33, 35.

¶10    Neither Mrs. Harris, nor the appellant acting on her behalf pursuant to the power of attorney, filed an election of a survivor annuity with OPM prior to her death. IAF, Tab 1 at 5; PFR File, Tab 1; *see* IAF, Tab 8 at 12. Therefore, the pertinent inquiry is whether the appellant established a basis for waiver of this deadline.

¶11    The Board has recognized three bases for waiving a filing deadline prescribed by statute or regulation: (1) the statute or regulation may provide for a waiver under specified circumstances; (2) an agency's affirmative misconduct may preclude enforcement of the deadline under the doctrine of equitable estoppel; and (3) an agency's failure to provide a notice of rights and the applicable filing deadline, where such notice is required by statute or regulation, may warrant a waiver of the deadline. *Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 7 (2010).

¶12    In the present appeal, the appellant has not challenged the administrative judge's finding that the first potential basis for waiver does not apply, and we discern no reason to disturb this finding on review. ID at 5; PFR File, Tab 1.

¶13    However, the appellant argues on review that basis (2), the doctrine of equitable estoppel, warrants waiver of the filing deadline. PFR File, Tab 1 at 1-3. In OPM's response to the show cause order, it argues that equitable estoppel is unavailable as a potential basis for waiver under *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990). PFR File, Tab 8 at 10-11. We agree with the administrative judge that equitable estoppel is available as a potential basis for waiver but that the requirements for invoking the doctrine are not met here. ID at 5-6.

¶14    *Richmond* holds that estoppel against the Government cannot result in the payment of money not otherwise provided for by law. 496 U.S. at 415-16, 424,

434. However, the Board previously has held that equitable estoppel would not result in the unlawful expenditure of appropriated funds in violation of *Richmond* where appellants untimely sought to provide for or increase survivor annuities. *See Nunes v. Office of Personnel Management*, 111 M.S.P.R. 221, ¶¶ 16, 18 (2009) (finding that equitable estoppel would not result in the unlawful expenditure of funds where an appellant sought to reduce his Civil Service Retirement System (CSRS) annuity to provide his spouse with a survivor annuity, although his election of a survivor annuity was untimely); *Blaha v. Office of Personnel Management*, 106 M.S.P.R. 265, ¶¶ 7-9 (2007) (determining that equitable estoppel would not result in the unlawful expenditure of funds where an appellant untimely sought to change her CSRS annuity election to provide her domestic partner with a survivor annuity).

¶15 OPM contends that the present case is distinguishable from prior cases in which the Board has held that equitable estoppel is available as a potential basis for waiver because Mrs. Harris did not "pay for" a survivor annuity by receiving a reduced annuity during her lifetime. PFR File, Tab 8 at 11. We find this argument unpersuasive. We perceive no pertinent distinction between the present case and a situation where a retiree dies immediately after filing an election with OPM. In either scenario, the retiree did not "pay for" the survivor annuity through receipt of a reduced annuity during his or her lifetime. However, OPM permits a survivor to collect an annuity if the retiree died before his or her payments were reduced, provided that the retiree paid the required deposit in accordance with 5 U.S.C. § 8416(d)(2)(B) and 5 C.F.R. § 842.610(b)(3).

¶16 Here, if the filing deadline were waived, OPM could simply reduce the appellant's survivor annuity to recover the deposit that Mrs. Harris was required by law to make to entitle the appellant to such an annuity. *See Thomas v. Office of Personnel Management*, 95 M.S.P.R. 695, ¶¶ 2, 7-10 (2004) (finding that OPM was in compliance with an order to provide a CSRS survivor annuity when it reduced the annuity to recover the deposit that the appellant's decedent was

required to make). For these reasons, we discern no reason to depart from the Board's prior decisions in *Nunes* and *Blaha*, and find that *Richmond* is not a barrier to the availability of equitable estoppel as a possible basis for waiver.

¶17        Nevertheless, although equitable estoppel is available as a potential basis for waiver, we agree with the administrative judge that equitable estoppel does not form a basis for waiving the regulatory filing deadline under the facts of this case. ID at 5-6. The appellant argues on review that the filing deadline should be waived based on the doctrine of equitable estoppel because OPM negligently provided him with misinformation when the OPM representative told him that he could not change Mrs. Harris's survivor annuity election pursuant to a power of attorney. PFR File, Tab 1 at 1-3. In OPM's response to the show cause order, OPM submitted evidence, in the form of printouts from OPM's website and OPM's Representative Payee Application, indicating that OPM will not make a payee change based upon a power of attorney and that OPM does not recognize power of attorney filings, with the sole exception of changes to Federal Employees Health Benefits Program coverage.[3] PFR File, Tab 8 at 5-7, 13, 20, 30-31. Therefore, the OPM representative accurately informed the appellant that OPM would not allow him to change Mrs. Harris's survivor annuity election pursuant to a power of attorney. HCD at 6:34-6:49 (testimony of the appellant).

¶18        However, although the OPM representative accurately conveyed OPM's policy, the policy was not arrived at after a formal adjudication or notice-and-comment rulemaking, and therefore, is not entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984). *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000) (finding that interpretations of statutes contained in "opinion letters—like

---

[3] The appellant argues that these provisions are not applicable to him because he did not apply to be a representative payee. PFR File, Tab 10 at 1-2. However, although several of the documents submitted by OPM refer to representative payees, the documents reflect that OPM generally does not recognize power of attorney filings. PFR File, Tab 8 at 30.

interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron*-style deference"). Nevertheless, the policy potentially would be entitled to a lesser degree of deference depending on "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Skidmore v. Swift & Company*, 323 U.S. 134, 140 (1944); *see Brown v. Office of Personnel Management*, 65 M.S.P.R. 380, 384-85 (1994) (declining to afford deference to an alleged OPM policy where OPM failed to provide "meaningful guidance or substantial evidence of a consistent policy" on this issue) (citing *Parker v. Office of Personnel Management*, 974 F.2d 164, 168 (Fed. Cir. 1992) (declining to defer to an OPM policy that was not "properly or publicly announced")).

¶19 We need not decide the issue of whether to defer to OPM's policy, however, because, even assuming that the policy is invalid, we agree with the administrative judge that we cannot waive the filing deadline based on the doctrine of equitable estoppel. *See* ID at 6. Our reviewing court, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), has held that, to establish a claim of equitable estoppel against a Government agency, an appellant must demonstrate affirmative misconduct on the part of Government officials.[4] *Zacharin v. United States*, 213 F.3d 1366, 1371 (Fed. Cir. 2000). The Board also has repeatedly held that an agency's negligent provision of misinformation

---

[4] On review, the appellant argues that he should not be required to demonstrate that the agency engaged in affirmative misconduct. PFR File, Tab 1 at 1-3. However, it is well settled that decisions of the Federal Circuit constitute precedent that is binding on the Board, *Spain v. Department of Homeland Security*, 99 M.S.P.R. 529, ¶ 9 (2005), *aff'd*, 177 F. App'x 88 (Fed. Cir. 2006), and thus, the appellant is required to demonstrate affirmative misconduct on the part of Government officials.

does not constitute affirmative misconduct.[5]  *Perez Peraza*, 114 M.S.P.R. 457, ¶ 10; *Scriffiny v. Office of Personnel Management*, 108 M.S.P.R. 378, ¶¶ 12-13 (2008), *overruled on other grounds by Nunes*, 111 M.S.P.R. 221, ¶ 15.  The appellant failed either to allege or establish that the OPM representative who informed him of OPM's policy intentionally provided him with inaccurate information, or otherwise engaged in affirmative misconduct.  IAF, Tab 1 at 5, Tab 11; PFR File, Tabs 1, 10.  Therefore, we conclude that the filing deadline in this case cannot be waived based upon the doctrine of equitable estoppel.  *See Perez Peraza*, 114 M.S.P.R. 457, ¶ 10 (determining that an administrative judge erred in applying equitable estoppel where the evidence did not demonstrate that the relevant Government officials knew that they were providing the appellant with inaccurate information).  We have considered the appellant's arguments on review that the application of these standards is unfair, but the equities of the situation do not alter our obligation to apply the relevant legal standards.  PFR File, Tab 1 at 1-3.

¶20      On review, the appellant also asserts that the filing deadline should be waived because the OPM representative allegedly failed to advise him that he could change Mrs. Harris's annuity election if he obtained a guardianship.  PFR File, Tab 1 at 2.  We construe the appellant's assertion as an argument that basis (3), an agency's failure to provide a notice of rights and the applicable

---

[5] Prior to conducting the telephonic hearing, the administrative judge informed the appellant of the requirement to establish that the agency engaged in affirmative misconduct.  IAF, Tab 12 at 3.  He neglected to inform him, though, that the agency only engaged in affirmative misconduct if it knew that the information provided was incorrect.  *Id*.  However, this oversight was cured by the initial decision, which provided this information.  ID at 6; *see Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007) (finding that an administrative judge's failure to provide an appellant with proper jurisdictional notice can be cured if the initial decision contains the notice that was lacking, thus affording the appellant an opportunity to meet his burden on petition for review); *cf. Perez Peraza*, 114 M.S.P.R. 457, ¶¶ 12-13 (remanding an appeal to inform the parties of the legal standard for establishing equitable estoppel where the initial decision did not provide this information).

filing deadline where such notice is required by statute or regulation, warrants waiver of the filing deadline. However, in response to the show cause order, OPM submitted evidence, in the form of OPM's representative payee approval notice and OPM's internal guidance, indicating that OPM does not allow court-appointed guardians or other representative payees to make decisions regarding survivor annuities on behalf of annuitants. PFR File, Tab 8 at 6, 17, 19. Therefore, the appellant's assertion that OPM would have permitted him to change Mrs. Harris's survivor annuity election if he had obtained a guardianship is incorrect. PFR File, Tab 1 at 2. In any event, no statute or regulation requires OPM to provide notice regarding the ability to change a survivor annuity election by means of a guardianship, and accordingly, OPM's failure to provide such notice would not form a basis for waiving the filing deadline. *See Speker v. Office of Personnel Management*, 45 M.S.P.R. 380, 385-86 (1990) (finding that OPM's failure to notify an appellant of her right to elect an alternative annuity did not form a basis for waiving a filing deadline where the applicable statute and regulations in effect at the time did not require OPM to provide such notice), *aff'd*, 928 F.2d 410 (Fed. Cir. 1991) (Table), *modified on other grounds by Fox v. Office of Personnel Management*, 50 M.S.P.R. 602, 606 n.4 (1991).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.